-Plaintiff, a nurse by profession, was formerly on active duty as a regular officer of the Air Force. On February 6, 1974 she was permanently retired by the Air Force in the grade of Lieutenant Colonel because of physical disability, with a compensable rating of 69% and a compensable percentage of 70%. Plaintiff contends, in this action, that at the time of her retirement, her compensable rating should have been increased to 75% (or higher) and her compensable percentage to 75% (the maximum percentage permissible under 10 U.S.C. § 1401). Plaintiff seeks to recover the additional financial benefits which an increase in her compensable percentage would have *935 entailed. The controversy revolves around (1) what compensable ratings the Air Force should have given plaintiff on the basis of disabling difficulties relating to her feet, to her spine, and to a duodenal ulcer and associated hiatus hernia, and (2) whether the Air Force should have given plaintiff a compensable rating for anxiety neurosis. In a recommended opinion filed January 10, 1977 Trial Judge Mastin G. White concluded that the evidence of record does not constitute the sort of clearly convincing proof that would be required to justify the court in overturning the Air Force’s evaluations concerning the extent of plaintiffs disabilities at the time of her permanent retirement, and accordingly plaintiff is not entitled to recover. On October 21, 1977 the court, by order, adopted the recommended decision as the basis for its judgment in this case, concluded and ordered that as a matter of law plaintiff is not entitled to recover, and dismissed the petition.